*Chen v. Holder*

BIA
Vomacka, IJ
A087 970 516

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand fifteen.

PRESENT:
> RALPH K. WINTER,
> GUIDO CALABRESI,
> DENNY CHIN,
> *Circuit Judges.*

_____

QIN CHEN,
> *Petitioner,*

v.          13-3487

NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Oleh R. Tustaniwsky, Brooklyn, New York.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Brianne Whelan Cohen, Senior Litigation Counsel; Jonathan Robbins, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qin Chen, a native and citizen of the People's Republic of China, seeks review of an August 29, 2013, decision of the BIA, affirming the February 24, 2012, decision of an Immigration Judge ("IJ"), denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Qin Chen*, No. A087 970 516 (B.I.A. Aug. 29, 2013), *aff'g* No. A087 970 516 (Immig. Ct. N.Y. City Feb. 24, 2012).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA declined to reach the IJ's pretermission of Chen's asylum application, we limit our review to the IJ's decision as modified by the BIA.  *See Xue Hong Yang v. U.S. Dep't*

2

*of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, we address only the agency's dispositive adverse credibility determination. The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For asylum applications like Chen's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account," and inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64. Here, the adverse credibility determination is supported by substantial evidence.

As the IJ found, there are several inconsistencies among Chen's application, supporting documents, and testimony. Chen gave inconsistent dates regarding when she started attending church in New York (either in July 2009 or November 2009), gave

3

inconsistent descriptions of her church activities (that she only attended services or that she took courses and helped out in the church kitchen), and was unclear as to what days of the week she attended services (Wednesdays or Sundays). The IJ reasonably relied on these inconsistencies, as they cast doubt on whether Chen is a practicing Christian and therefore calls into question both her allegation of past harm and her fear of future harm. *See Xiu Xia Lin*, 534 F.3d at 167; *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). The IJ was not required to credit Chen's explanations—that she did not register as a church member until November 2009 but started attending in July 2009, forgot to mention her work in the church kitchen, and attended church only once or twice on Sundays. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (deferring to IJ's rejection of explanations unless explanation would compel a reasonable fact finder to accept testimony as credible).

As the IJ found, Chen's credibility was further undermined by her implausible testimony that she did not know whether her

4

husband of two years was a Christian and that she fled China on a passport in her own name.  These implausibility findings are supported by the record, given Chen's testimony that she fled China to avoid religious persecution and regularly attended church, as well as her testimony that she was under "endless surveillance" in China.  *See Ming Xia Chen v. BIA*, 435 F.3d 141, 145 (2d Cir. 2006) (holding that this Court upholds implausibility finding unless it has a "definite and firm conviction that a mistake has been committed" (internal quotation marks and citation omitted)).

Nor did the IJ err in relying on problems with Chen's corroboration.  It was reasonable for the IJ to conclude that the letter from Chen's underground church was likely fabricated.  It was printed on letterhead with a seal, even though Chen testified that the church was unofficial and had no fixed location, to remain hidden from Chinese authorities. *Wengsheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (per curiam).  Moreover, the letter was obtained by Chen's parents, and Chen did not know how they obtained it.  *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding

that weight given to evidence is largely within agency's discretion).

In light of the inconsistencies and implausibilities discussed above, the "totality of the circumstances" supports the IJ's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. This finding was sufficient to deny asylum, withholding of removal, and CAT relief, as all three forms of relief relied on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang*, 426 F.3d at 523. Because the adverse credibility determination is dispositive, we do not consider Chen's additional arguments.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

6